IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED
2013 AUG -2  PM 1: 38
CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
          DEPUTY

KARENA PREW,

          Plaintiff,

-vs-                                                      Case No. A-13-CA-144-SS

LLANO INDEPENDENT SCHOOL DISTRICT,
          Defendant.

_____

# O R D E R

BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, and specifically Defendant Llano Independent School District's Second Amended Motion to Dismiss [#18], Plaintiff Karena Prew's Response [#21], and LISD's Reply [#23]. Having reviewed the documents, the governing law, and the file as a whole, the Court now enters the following opinion and orders.

## Background

This is an employment discrimination suit brought by Plaintiff Karena Prew under various federal statutes. Prew is an elementary school teacher who alleges she suffered discrimination and retaliation by reason of her disability (a condition which causes uncontrollable facial spasms), her age (43 at the time), and comments or complaints she made about events in her classroom and at her school. Prew alleges she was passed over for a transfer to a high school teaching job in favor of a younger, non-disabled candidate. After Prew raised this issue with school district officials, she contends she, her husband (also a teacher at the elementary school), and her son (a student at the elementary school) were harassed in retaliation.

Prew filed this lawsuit on February 20, 2013. Llano ISD filed its first motion to dismiss, which Prew followed with her First Amended Complaint [#9]. Complying with this Court's orders, Llano ISD amended its motion to dismiss and refiled. Prew sought and was granted leave to file another Amended Complaint [#15], her second, though it was still styled as a first amended complaint. Three days later, Prew filed a third Amended Complaint [#16], though it was still styled as a first amended complaint. The Clerk's office noted this latest pleading [#16] was a duplicate of the previous pleading [#15], and the Court is not able to identify any substantive differences between the documents.

In any event, Prew's most recent live pleading is her Third Amended Complaint [#16], which alleges the following causes of action: (1) failure to accommodate under the Americans with Disabilities Act (ADA) and Section 504 of the Rehabilitation Act of 1973 (RA); (2) unlawful retaliation under the ADA and RA; (3) hostile work environment under the RA; (4) discrimination under the RA; (5) discrimination under the Age Discrimination in Employment Act (ADEA); and (6) violation of her First Amendment right to petition, brought via § 1983. Llano ISD has moved to dismiss each cause of action for failure to state a claim.

## Analysis

### I. Motion to Dismiss—Rule 12(b)(6)—Legal Standard

Federal Rule of Civil Procedure 8(a)(2) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). A motion under Federal Rule of Civil Procedure 12(b)(6) asks a court to dismiss a complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). The plaintiff must plead sufficient facts to state a claim for relief that is facially plausible. *Ashcroft v. Iqbal*, 556

U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).[1] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 566 U.S. at 678. Although a plaintiff's factual allegations need not establish that the defendant is probably liable, they must establish more than a "sheer possibility" that a defendant has acted unlawfully. *Id.* Determining plausibility is a "context-specific task," and must be performed in light of a court's "judicial experience and common sense." *Id.* at 679.

In deciding a motion to dismiss under Rule 12(b)(6), a court generally accepts as true all factual allegations contained within the complaint. *Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164 (1993). However, a court is not bound to accept legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). Although all reasonable inferences will be resolved in favor of the plaintiff, the plaintiff must plead "specific facts, not mere conclusory allegations." *Tuchman v. DSC Commc'ns Corp.*, 14 F.3d 1061, 1067 (5th Cir. 1994). In deciding a motion to dismiss, courts may consider the complaint, as well as other sources such as documents incorporated into the complaint by reference, and matters of which a court may take judicial notice. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

## II. Application

The Court will address each of Prew's causes of action in turn.

---

[1] Prew, like a surprising number of litigants in 2013, continues to cite *Conley v. Gibson*, 355 U.S. 41 (1957), as the controlling pleading standard, notwithstanding the fact *Conley* was abrogated by *Twombly* in 2007 and *Iqbal* in 2009.

A.   **Failure to Accommodate—ADA and RA**

Both the ADA[2] and the RA require employers to make "reasonable accommodations" for disabled employees. *Loulseged v. Akzo Nobel Inc.*, 178 F.3d 731, 734 (5th Cir. 1999) (ADA); *see* 29 U.S.C. § 794(d) (incorporating ADA's Title I standards into RA). Reasonable accommodations include "modifications or adjustments to the work environment, or to the manner or circumstances under which the position held or desired is customarily performed, that enable a qualified individual with a disability to perform the essential functions of that position." *EEOC v. Chevon Phillips Chemical Co., LP*, 570 F.3d 606, 621 (5th Cir. 2009) (internal quotations and alteration omitted). "An employee who needs an accommodation because of a disability has the responsibility of informing her employer." *Id.*

Prew fails to plead any facts in support of her failure to accommodate claims. Prew does not identify any particular accommodation she needed, requested, or was denied. The only accommodation even referenced in her live pleading is a testing accommodation the school had offered to her son. Prew's complaint thus wholly fails to give Llano ISD even basic notice of what accommodations it is alleged to have failed to provide, and thus fails to state a claim. Prew offers no substantive defense of these claims in her Response, and the Court therefore assumes Prew has no objection their dismissal.

---

[2] Llano ISD moves to dismiss Prew's ADA claims on the theory they are alleged under Title II of the ADA as opposed to Title I, the section governing employment discrimination. Prew's Third Amended Complaint explicitly removed all references to Title II, however, presumably to clarify Prew did not intend to sue under Title II. Llano ISD's argument misses this detail. However, the parties acknowledge the ADA and RA generally share the same standards for the retaliation and failure to accommodate claims raised under both statutes, and the Court thus addresses them both together.

B.     **Retaliation—ADA and RA**

The elements of an unlawful retaliation claim under the ADA and RA are essentially the same: plaintiff must show (1) she engaged in a protected activity; (2) she suffered an adverse employment action; and (3) there is a causal connection between the protected act and the adverse action. *Seaman v. CSPH, Inc.*, 179 F.3d 297, 301 (5th Cir. 1999) (ADA); *Calderon v. Potter*, 113 F. App'x 586, 592 (5th Cir. 2004) (unpublished) (RA). Llano ISD argues Prew's pleading fails to allege any retaliatory conduct or adverse employment action, and fails to show any causal connection between her alleged protected activity and Llano ISD's actions.

Prew alleges Llano ISD retaliated against her for filing a grievance against the school board. 3d Am. Compl. [#16] ¶ 2. Prew states she filed this grievance on October 3, 2011. *Id.* ¶ 44. Following the grievance, Prew's pleading chronicles virtually every interaction she had with school officials for the next several months, including the following "retaliatory" acts: (1) school administrators conducted "walkthroughs" of her husband's classroom on four occasions; (2) teachers and secretaries "checked up" on Prew's classroom without advance notice; (3) Prew was required to meet with a team leader twice each week and to attend Saturday workshops; (4) an administrator emailed Prew about not submitting an "honor roll"; (5) the principal conducted an overly long (55 minute) evaluation of Prew's classroom; (6) Prew did not receive "tutorials" like other teachers; (7) the principal repeatedly asked Prew for a copy of a phone recording she made of a closed-door meeting they had; (8) the principal would not meet with Prew without a third-party witness present; (9) on one occasion, Prew did not receive testing materials other teachers received; (10) a coworker copied all fourth grade staff members on an email to Prew "questioning [Prew] about her actions"; (11) a custodian threw some of Prew's belongings in a dumpster and laughed at her; (12) Prew was

asked to attend a behavior training conference other fourth-grade teachers were not asked to attend; (13) a coworker "stared at" Prew during a meeting; (14) the principal did not respond to Prew's satisfaction to Prew's emails about issues with her students' behavior; (15) Prew's coworkers were told not to attend a board meeting she invited them to, and told not to associate with Prew; and (16) Prew was told she did not qualify for leave under the Family Medical Leave Act, but had twenty days of extended leave. 3d Am. Compl. ¶¶ 45–90.

As the facts themselves show, these actions simply do not rise to the level of actionable retaliation. As in the Title VII retaliation context, a plaintiff cannot recover for "petty slights or minor annoyances that often take place at work and that all employees experience." *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006). Moreover, there is no basis for concluding many of these actions were retaliatory as there is no factual basis for believing these various teachers or administrators who stared at or walked by or questioned Prew knew anything about the grievance she filed. Absent knowledge of her protected activity, these actions cannot be causally connected to Prew's grievance. Prew's allegations concerning her husband (whose classroom was subjected to legally mandated walkthroughs Prew apparently felt were excessive) and her son (whose teacher gave him detention every week and did not let him attend a field trip) are similarly disconnected, but also do not rise to the level of "third-party reprisals" contemplated by Title VII. *See Thompson v. N. Am. Stainless Steel, LP*, 131 S. Ct. 863, 868 (2011).

Perhaps most importantly, Prew has failed to allege she suffered any adverse employment action as a result of filing her grievance. *See Juarez v. Aguilar*, 666 F.3d 325, 332 (5th Cir. 2011) ("Adverse employment decisions include discharges, demotions, refusals to hire, refusals to promote, and reprimands." (internal quotation marks omitted)). The *only* adverse employment action Prew

even alleges is Llano ISD's refusal to transfer her to a high school teaching position. Llano ISD contends such a move was merely a lateral transfer, and thus does not qualify as an adverse employment action. *See Hunt v. Rapides Healthcare Sys., LLC*, 277 F.3d 757, 769 (5th Cir. 2001) (adverse employment actions are those involving "hiring, granting leave, discharging, promoting, and compensating"); *Burger v. Cent. Apartment Mgmt., Inc.*, 168 F.3d 875, 879 (5th Cir. 1999) ("Refusing an employee's request for a purely lateral transfer does not qualify as an ultimate employment decision.").

Whether Prew taught at an elementary school or a high school, she would still be a Llano ISD teacher. Prew asks the Court to "infer" the high school job was a promotion, but there are no facts alleged to support drawing such an inference. For example, Prew pleads no facts indicating the high school job entitled her to higher compensation, better benefits, additional responsibility, or even more prestige. Courts frequently find minor changes in hours, locations, and even duties—especially when such changes do not alter core employment criteria like salary, benefits, and job title—are not adverse employment actions. *See Craven v. Tex. Dep't of Criminal Justice-Institutional Div.*, 151 F. Supp. 2d 757, 766 (N.D. Tex. 2001) (collecting cases). The Court thus finds Llano ISD's decision not to transfer Prew was not an adverse employment action.

But even if the Court were to assume Llano ISD's decision not to transfer Prew to the high school *was* an adverse employment action, this decision occurred in May 2011, *five months before Prew filed her grievance*. The physical limitations of space and time prevent Llano ISD from retaliating against Prew in May for something she would not do until October. The Court therefore finds Prew has failed to state a viable retaliation claim under either the ADA or the RA.

**C.     Discrimination—RA**

To succeed on her discrimination claim under the RA, Prew must show (1) she suffers from a disability; (2) she is qualified for the job; (3) she suffered an adverse employment action; and (4) she was replaced by a non-disabled person, or treated less favorably than non-disabled employees. *Milton v. Tex. Dep't of Criminal Justice*, 707 F.3d 570, 573 (5th Cir. 2013). As noted above, Prew has not alleged she suffered any adverse employment action. Although Prew does not argue the point, it is possible to generously construe the single sentence in her live pleading about FMLA leave as alleging a denial of leave based on her disability, which could amount to an adverse employment action. *See McCoy v. City of Shreveport*, 492 F.3d 551, 559 (5th Cir. 2007). However, Prew fails to even allege she was wrongfully denied leave, and Llano ISD cannot be liable for not granting Prew something to which she was not entitled. Moreover, the school explicitly gave her at least twenty days of extended leave and told her to discuss "temporary disability" with the Superintendent. From these sparse facts, the Court cannot conclude Llano ISD wrongfully denied Prew leave based on her disability. Prew thus fails to allege any adverse employment action, and her discrimination claim must be dismissed.

**D.     Hostile Work Environment—RA**

Assuming the Fifth Circuit recognizes a hostile work environment claim under the RA,[3] in order to recover on such a claim Prew must show: (1) she belongs to a protected group; (2) she was subjected to unwelcome harassment; (3) the harassment complained of was based solely on her disability; (4) the harassment affected a term, condition, or privilege of employment; and (5) the

---

[3] *See Soledad v. U.S. Dep't of Treasury*, 304 F.3d 500, 506 & n.8 (5th Cir. 2002) (noting the Fifth Circuit has only recognized a hostile work environment claim under the ADA, but remarking, without deciding, "we believe that the elements of a [RA] hostile work environment claim would be similar").

employer knew or should have known of the harassment and failed to take prompt, remedial action. *Soledad v. U.S. Dep't of Treasury*, 304 F.3d 500, 506 (5th Cir. 2002).

Unlike Prew's retaliation claim, her hostile work environment claim is not limited to activities taken after her grievance. Prior to filing her grievance, Prew alleges she had numerous abusive encounters with Llano ISD administrators. For example, Llano ISD's Superintendent allegedly gave Prew a list of goals to work on, including controlling her facial twitches (caused by her disability) and controlling how she viewed her disability. 3d Am. Compl. ¶¶ 34–36. After the grievance was filed, the school principal allegedly treated Prew differently than other teachers by requiring a third-party witness be present for any interactions between them, and by allegedly telling other teachers not to associate with Prew. To be sure, many—perhaps even the majority—of the incidents catalogued by Prew are innocuous, representing either common workplace slights or personal misinterpretations of legitimate activities. But some events are more serious, and make a hostile work environment claim at least plausible. Llano ISD's motion to dismiss this claim is therefore denied.

E.  **Discrimination—ADEA**

The ADEA makes it unlawful for an employer "to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges or employment, because of such individual's age." 29 U.S.C. § 623(a)(1). To succeed on an ADEA discrimination claim, Prew must prove: (1) she was a member of a protected class (those over the age of 40); (2) she was qualified for the position; (3) she suffered an adverse employment action; and (4) she was replaced by someone younger. *See Rachid v. Jack In The Box, Inc.*, 376 F.3d 305, 309 (5th Cir. 2004); *Baldwin v. Sears, Roebuck & Co.*, 667 F.2d 458,

461 (5th Cir. 1982). Llano ISD argues Prew's ADEA claim fails because Prew has not alleged any adverse employment action. As noted above, the Court agrees, because there are no pleaded facts from which the Court can infer the high school job was anything other than a lateral transfer. Prew's ADEA claim must therefore be dismissed.

### F.   Right to Petition—§ 1983

Llano ISD's motion to dismiss treats Prew's First Amendment claim as a Speech Clause retaliation claim, and Prew defends it on those grounds. Prew's actual complaint, however, is based on the Petition Clause, not the Speech Clause: "The acts and omissions of the school district deprived Plaintiff of her *rights to redress her grievances* to a governmental entity without retribution, for which the School District Defendant is liable to Plaintiffs [*sic*] pursuant to 42 U.S.C. § 1983 for compensatory monetary damages." 3d Am. Compl. [#16] ¶ 126 (emphasis added). The two clauses are not identical, nor are causes of action arising under them always equivalent. *See generally Borough of Duryea, Pa. v. Guarnieri*, 131 S. Ct. 2488, 2494–2501 (2011) (distinguishing between the Speech and Petition Clauses and discussing the history of the Petition Clause).

This distinction, though significant,[4] ends up mattering little to the lone argument had by the parties because both Speech Clause and Petition Clause claims require the public employee to show her speech involved a matter of public concern. *Id.* at 2500; *see also Finch v. Fort Bend Indep. Sch. Dist.*, 333 F.3d 555, 563 (5th Cir. 2003) (one element of a "free speech retaliation claim" is "the plaintiff's speech must involve a matter of public concern"). Whether speech addresses a matter of public concern turns on the content, form, and context of the speech. *Finch*, 333 F.3d at 564 (citing

---

[4] For example, it is unclear what "petition" Prew filed or what the contents of the petition were. However, because Llano ISD did not raise this issue, the Court will not dismiss Prew's First Amendment claim on this basis.

*Connick v. Myers*, 461 U.S. 138, 147–48 (1983)). The court's task is to distinguish between speech on a matter of public concern made as a citizen and speech on "'matters only of personal interest'" made as a public employee. *Id.* at 563–64 (quoting *Connick*, 461 U.S. at 147).

Prew contends her complaints were about "student programming issues," and thus were matters of public concern. Pl.'s Resp. [#21] at 12. Prew points to several examples, including (1) the principal's failure to look at her student discipline referrals, (2) the principal's refusal to assist Prew with a reported "emergency in her classroom" without a third witness present, (3) emails Prew sent to the principal about inappropriate and unsanitary student behavior, and (4) reports of Llano ISD teachers being told not to assist Prew. These examples are wholly addressed at Prew's personal employment conditions, not any matter of public concern. *See Finch*, 333 F.3d at 564 (principal's presentations regarding the "internal administrative approach to running a school" did not implicate a matter of public concern, even though principal tried to frame them as part of "the national debate over school choice"); *Stewart v. Parish of Jefferson*, 951 F.2d 681, 684 (5th Cir. 1992) (employee's private complaints about employer's treatment of other employees amounted to speech on a matter of personal interest made as an employee).

The only two authorities Prew cites in support of her argument are irrelevant, not binding on this Court, and distinguishable. *See Jenkins v. Rock Hill Local Sch. Dist.*, 513 F.3d 580, 588 (6th Cir. 2008) (speech by parents about school officials did not implicate public concern doctrine); *McGuire v. Warren*, 490 F. Supp. 2d 331, 338–39 (S.D.N.Y. 2007) (district court allowed teacher to amend complaint to allege specific instances of public speech about autistic children in the community not receiving appropriate services from the defendant). The Court finds Prew has failed to state a claim based on either the Speech Clause or the Petition Clause.

## Conclusion

This case should debunk any notion that the modern pleading standard, as articulated by *Twombly* and *Iqbal*, is a simple command to plead lots of facts. A more detailed complaint is not necessarily a more viable one. In this case, Prew's lengthy complaint contains a large amount of irrelevant details and petty slights which actually hurt, rather than help, Prew's claims. More importantly, conspicuously absent are critical facts related to core elements of many of Prew's causes of action, such as the existence of an adverse employment action, or allegations of a specific denied accommodation. But Prew has told a plausible story in support of a hostile work environment claim, and the Court thus allows that claim to move forward.

Accordingly,

IT IS ORDERED that Defendant Llano Independent School District's Second Amended Motion to Dismiss [#18] is GRANTED IN PART and DENIED IN PART, as described in this opinion;

IT IS FINALLY ORDERED that Plaintiff Karena Prew's claims of (1) failure to accommodate under the ADA and RA; (2) unlawful retaliation under the ADA and RA; (3) discrimination under the RA; (4) discrimination under the ADEA; and (5) violations of her First Amendment right to petition, brought via § 1983, are DISMISSED WITHOUT PREJUDICE. The only remaining claim is Prew's hostile work environment claim under the RA.

SIGNED this the _1st_ day of August 2013.

*Sam Sparks*
SAM SPARKS
UNITED STATES DISTRICT JUDGE